**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **TERRENCE DUNLAP, CHRIS COTTON,** | ) | |
| **JOSH SANDERS, and ZAID ALZERKANI,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No.:** |
| | ) | |
| **v.** | ) | **Judge** |
| | ) | **Magistrate Judge** |
| **TT OF C. FRANKLIN, INC., d/b/a** | ) | |
| **FRANKLIN CHRYSLER DODGE JEEP** | ) | **Jury Demand** |
| **RAM,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

For their Complaint against defendant TT of C. Franklin, Inc., d/b/a Franklin Chrysler Dodge Jeep Ram ("defendant"), plaintiffs Terrence Dunlap, Chris Cotton, Josh Sanders, and Zaid Alzerkani ("plaintiffs") state:

### PARTIES

1.      Plaintiffs are former employees of defendant.

2.      Defendant is a Tennessee corporation with its principal place of business at 1124 Murfreesboro Road, Franklin, Williamson County, Tennessee 37064.  Defendant may be served with process through its registered agent, Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

3.      Defendant operates and, at all times relevant hereto, operated a for-profit, automobile dealership within the Middle District of Tennessee.  At all relevant times, defendant employed more than 15 individuals, including plaintiffs.

## JURISDICTION AND VENUE

4.     This is an action for damages and equitable relief for unlawful employment practices.  Plaintiffs bring their claims under 42 U.S.C. § 1981 ("Section 1981") and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, *et seq*. ("THRA").  Additionally, plaintiff Terrence Dunlap brings claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII").  Plaintiff Dunlap timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the EEOC issued him a Notice of Right to Sue on November 3, 2023.  The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a).  Venue is proper under 28 U.S.C. § 1391.

## FACTS

5.     Plaintiffs are African American individuals except plaintiff Zaid Alzerkani is a Middle Eastern individual from Iraq.

6.     Plaintiffs are former employees of defendant who worked in its Service Department.  Plaintiffs Dunlap and Sanders were service advisors and plaintiffs Sanders and Alzerkani were service technicians.  During plaintiffs' employment, plaintiffs Dunlap and Sanders were the only African American service advisors, plaintiff Cotton was the only African American service technician, and plaintiff Alzerkani was the only Middle Eastern or Iraqi service technician.

7.     Plaintiffs were qualified for their jobs with defendant and performed their jobs in a competent and satisfactory manner.

8.     During plaintiffs' employment, defendant discriminated against them in the terms, conditions, and privileges of employment because of race.  The discriminatory conduct included defendant's managerial agents, including but not limited to Service Manager Carl Perry and

2

Assistant Service Manager Michael Pollard, who are both Caucasian, and other agents and employees subjecting plaintiffs to disparate treatment and harassment because of race, and criticizing and belittling plaintiffs because of race, thereby interfering with each plaintiff's job performance.

9.     Defendant did not subject non-African American employees to such disparate treatment and harassment.

10.     The racially disparate treatment to which defendant subjected plaintiffs included, but was not limited to, (a) paying plaintiffs less than similarly situated, non-African-American employees for the same or equivalent work; (b) not paying plaintiffs amounts of compensation that they had earned and were owed when it did pay non-African American employees such amounts; (c) providing each plaintiff less valuable benefits and lesser or no bonuses, commissions, and/or pay raises as compared to similarly situated, non-African American employees; (d) intentionally and deliberately diverting and distributing certain customers to non-African American employees instead of to each plaintiff; (e) interfering with plaintiffs' ability to earn and receive certain commissions and/or bonuses; (f) not allowing plaintiff Cotton to wear certain clothing at work while allowing non-African American employees, including Mr. Perry and Spencer Pollard, to do so; and (g) threatening to demote and/or discharge plaintiffs.

11.     Defendant further discriminated and retaliated against Plaintiffs by actually and/or constructively discharging them because of their race, racial harassment, and/or their opposition to and complaints about race discrimination.  Defendant further replaced plaintiffs with non-African American individuals and, in the case of plaintiff Alzerkani, a non-Iraqi individual.

12.     Further, during plaintiffs' employment, defendant created, allowed, maintained and failed to remedy a racially hostile work environment that altered the conditions of plaintiffs'

3

employment. Plaintiffs and other African American employees were subjected to repeated racially derogatory slurs and comments and racially offensive jokes, referred to in racially derogatory terms, and subjected to threats, mistreatment, and disparate treatment as compared to their non-African American and non-Iraqi colleagues by defendant's Caucasian managerial agents and employees, including but not limited to Messrs. Perry and Pollard and service advisor Kayla "Paige" Moore. For example, defendant used and/or permitted agents and employees to use the objectively offensive and discriminatory terms "nigger" and "niggers" in the workplace, among other similar offensive terms related to race. With respect to plaintiff Alzerkani, Pollard stated to him in front of others, "Your people did 9/11," "You have a goat named Bugatti," "You have sex with goats," and "Go back to goat land," among other offensive statements. In additional, Pollard, Perry, and Moore frequently mocked Alzerkani's accent. Perry further stated in the breakroom at the dealership during an episode of the television show "Cops" being watched by a group of Caucasian employees that "they should have shot her in the head," referring to an African American woman appearing on the show. When plaintiff Cotton's father, shuttle driver Tim Cotton, had his hair cut or restyled, Perry stated to him on multiple occasions, "You look like a thug." Caucasian service advisor Jay Waters also asked plaintiff Dunlap if he could "tell a 'Black joke' without you getting mad" and stated, "I don't see color" and "I like Black comics" and other similar comments in a sarcastic tone and demeaning manner.

13. Throughout their employment, plaintiffs opposed, reported, and/or complained to defendant's owners, including but not limited to Doug Sisler; Human Resources representatives, including but not limited to Denise Trageser and "Brandy"; and other managerial agents about the discrimination and harassment to which they were subjected.

14. Defendant failed and refused to take any prompt and effective corrective or remedial action following plaintiffs' opposition to and complaints of race discrimination and harassment. Defendant's response to plaintiffs' complaints manifested indifference or unreasonableness in light of what it knew and/or reasonably should have known regarding the discriminatory conduct described above. Indeed, the discriminatory harassment and treatment continued. For example, after plaintiff Dunlap and another African American employee, Troy Thompson, complained to Sisler, HR and management about Perry's discriminatory comments and conduct, Perry walked around the dealership openly stating, "I guess I am a racist now" as if to mock plaintiffs' complaints.

15. Moreover, following plaintiffs' protected opposition activity, defendant's Caucasian owners and/or managerial agents retaliated against plaintiffs and subjected them to additional severe or pervasive harassment, including continued and increased acts of disparate treatment, harassment, threats of being discharged, and other acts of retaliation.

16. Following plaintiffs' protected opposition activity, defendant actually and/or constructively discharged plaintiffs.

17. As described above, defendant discriminated against plaintiffs in the terms, conditions, and privileges of their employment and subjected them to disparate treatment because of race, in violation of Section 1981, Title VII, and the THRA.

18. As described above, defendant subjected plaintiffs to a racially hostile and abusive work environment that altered the conditions of their employment and made it more difficult for them to perform their jobs, in violation of Section 1981, Title VII, and the THRA.

5

19.     As described above, defendant retaliated against plaintiffs because of their opposition to defendant's racially offensive and illegal discriminatory conduct, in violation of Section 1981, Title VII, and the THRA.

20.     Defendant's conduct as described in this complaint was malicious and/or recklessly indifferent to plaintiffs' federally protected rights, entitling plaintiffs to punitive damages.

21.     As a direct result of defendant's discriminatory and retaliatory conduct, plaintiffs have lost income and other privileges and benefits of employment; suffered embarrassment, humiliation, emotional distress and anxiety, inconvenience, and loss of enjoyment of life; and incurred attorneys' fees, costs and litigation expenses.

22.     Plaintiffs' entitlement to and the amounts of equitable relief, damages, and attorneys' fees and costs requested in the prayer for relief below will be determined by the jury and/or the Court as appropriate under the applicable law.

**Claims for Race Discrimination, Racially Hostile Work Environment, and Retaliation in Violation of Section 1981, Title VII, and the THRA**

23.     Plaintiffs hereby incorporate and reallege the factual averments as set forth in paragraphs 1 through 22 herein.

24.     As stated above plaintiffs bring their claims and seek relief under Section 1981 and the THRA and, in the case of plaintiff Dunlap, Title VII.

25.     Defendant discriminated against plaintiffs in the terms, conditions, and privileges of employment because of race, including disparate treatment, repeated racially derogatory slurs and comments, threats and other mistreatment, in violation of Section 1981, Title VII, and the THRA.

6

26.     Defendant created, allowed, maintained, subjected plaintiffs to and failed to remedy a racially hostile and abusive work environment that altered the conditions of plaintiffs' employment, in violation of Section 1981, Title VII, and the THRA.

27.     Defendant retaliated against plaintiffs for opposing defendant's racially offensive and illegal discriminatory conduct, in violation of Section 1981, Title VII, and the THRA.

28.     As a result of its conduct, defendant is obligated to make plaintiffs whole for all lost earnings and benefits.

29.     As a result of its conduct, defendant is liable to plaintiffs for compensatory and punitive damages in amounts to be determined by the jury.

30.     As a result of its conduct, defendant is liable for plaintiffs' attorneys' fees and costs.

WHEREFORE, premises considered, plaintiffs demand the following relief:

1.     A jury trial and entry of judgment in their favor;

2.     Back pay and damages for lost benefits;

3.     Compensatory damages for embarrassment, humiliation, emotional pain and suffering and mental anguish, stress and anxiety, inconvenience, and loss of enjoyment of life;

4.     Front pay and damages for lost benefits;

5.     Punitive damages;

6.     Attorneys' fees, costs and litigation expenses;

7.     Prejudgment interest and, if applicable, post judgment interest; and

8.     Such other and further legal or equitable relief to which they may be entitled.

7

Respectfully submitted,


s/Stephen W. Grace
Stephen W. Grace, (TN BPR No. 14867)
1019 16th Avenue, South
Nashville, Tennessee 37212
(615) 255-5225
sgrace@sgracelaw.com

s/Douglas B. Janney III
Douglas B. Janney III (TN BPR No. 19112)
5115 Maryland Way
Brentwood, Tennessee 37027
(615) 742-5900
doug@janneylaw.com

Attorneys for Plaintiffs

8